# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RANDALL GREER,

       Plaintiff,

v.                                     Civ. No. 18-224 KK

ANDREW SAUL, Commissioner of
Social Security,

       Defendant.

## <u>ORDER</u>

THIS MATTER is before the Court on Plaintiff Randall Greer's Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, with Memorandum in Support (Doc. 26), filed February 13, 2019. Defendant filed a response in opposition to Plaintiff's motion on February 27, 2019, and Plaintiff filed a reply in support of it on March 26, 2019. (Docs. 27, 30.) The Court, having considered the pleadings, the record, and the relevant law, and being otherwise fully advised, FINDS that Plaintiff's motion is well-taken and should be GRANTED.

In his motion, Plaintiff seeks an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $6,341.55.[1] (Doc. 26 at 1.) The EAJA provides that a fee award is required if: (1) plaintiff is a "prevailing party"; (2) the "position" of the United States was not "substantially justified"; and, (3) there are no special circumstances that make an award of fees unjust. *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the parties dispute whether the Commissioner's "position" was "substantially justified." (Docs. 26, 27, 30.)

---

[1] Plaintiff's attorneys aver that they spent 31.55 hours providing professional services to Mr. Greer in this matter at a rate of $201.00 per hour. (Docs. 26-1, 26-2.) The Commissioner does not contest the reasonableness of the hours Plaintiff's attorneys have billed or their requested hourly rate.

The government's "position," in this context, refers to both the Commissioner's position in the federal civil case and the agency's actions at the administrative level. 28 U.S.C. § 2412(d)(2)(D); *see also Hackett*, 475 F.3d at 1170 (finding that government must justify both its position in underlying administrative proceedings and in subsequent court litigation). "EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Hackett*, 475 F.3d at 1174 (quotation marks omitted). The Commissioner bears the burden of proving that his position was substantially justified. *Hackett*, 475 F.3d at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)).

The test for substantial justification is one of reasonableness in law and fact. *Gilbert*, 45 F.3d at 1394. The government's position must be "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 US. 552, 565 (1988) (quotation marks omitted). The government's "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 565). Moreover, a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified. *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988).

In deciding an EAJA fee motion, the Court must treat the case "as an inclusive whole, rather than as atomized line-items." *Hackett*, 475 F.3d at 1174 n.1. However, the Court should "focus on issues a party has prevailed on in the district court." *Evans v. Colvin*, 640 F. App'x 731, 734 (10th Cir. 2016). "[T]he fact that the Commissioner prevailed in the district court on most issues" will not result in a finding of substantial justification where the Commissioner nevertheless "acted unreasonably in denying benefits at the administrative level." *Hackett*, 475 F.3d at 1174 n.1.

Plaintiff raised four arguments for judicial review of the Commissioner's final decision denying his disability application.[2]  Following a meticulous review of the entire record, the Court remanded Mr. Greer's action to the Social Security Administration, finding that the ALJ failed to resolve the apparent conflict between the *Dictionary of Occupational Titles* ("DOT") and the testimony of the impartial vocational expert ("VE") regarding the reasoning level requirements of the jobs the VE testified a hypothetical individual with Plaintiff's residual functional capacity ("RFC") could perform.[3]  (Doc. 24 at 23-26.)   The Court further found that this error was not harmless.[4]  (*Id.* at 26-31.)

As noted above, the Commissioner bears the burden of proving that his position was substantially justified.  *Hackett*, 475 F.3d at 1172.  Here, however, the Commissioner limits his response to attempting to justify his litigation position regarding whether the ALJ's error was harmless.  (*See generally* Doc. 27.)   In so doing, he completely fails to address whether his litigation position was legally and factually reasonable with respect to the error on which this case turned, *i.e.*, the ALJ's failure to resolve the apparent conflict between the DOT and the VE's testimony at the administrative hearing.  (*Id.*)  He also fails to address whether the ALJ acted

---

[2] Briefly, Plaintiff argued that:  (1) the ALJ failed to properly account for the medical opinion of Plaintiff's treating physician Dr. Carbajal; (2) the ALJ failed to articulate appropriate reasons for rejecting the medical opinions of CNP Brubaker and PA Fitch; (3) the ALJ erred by failing to resolve an apparent conflict between the *Dictionary of Occupational Titles* and the impartial vocational expert's testimony regarding reasoning level requirements; and, (4) the number of remaining jobs is so low that analysis under *Trimiar v. Sullivan*, 966 F.2d 1326 (10th Cir. 1992), was required.  (*See generally* Doc. 19.)

[3] Specifically, the Court found an apparent conflict between the DOT and the VE's testimony because an individual with Plaintiff's RFC would be limited to reasoning level one jobs, but two of the three jobs the VE testified an individual with Plaintiff's RFC could perform were, per the DOT, reasoning level two jobs.  (Doc. 24 at 23-26.)

[4] In its harmless error analysis, the Court concluded that, while the remaining job existed nationally at numbers slightly higher than the number of nationally available jobs the Tenth Circuit previously implied (in an unpublished opinion and in dicta) constitutes a significant number, "the number of statewide jobs is far below the number of jobs found in cases in which the Tenth Circuit has remanded for additional evaluation."  (Doc. 24 at 30.)  As the Court observed, "[i]t would be an improper exercise in judicial factfinding to excuse the ALJ's failure to assess the numerical significance of the [remaining job] in connection with all of the *Trimiar* factors given the low number of jobs in New Mexico."  (*Id.* at 31.)

reasonably, though erroneously, in this respect. (*Id.*) By omitting any argument or analysis on these issues, the Commissioner has failed to meet his burden of proving that his position was substantially justified.

The Commissioner does argue that, "even if the ALJ erred in evaluating GED [reasoning] levels, the Commissioner had a reasonable basis for advancing a harmless error argument in litigation," citing *Evans*, 640 F. App'x at 731, for the proposition that "the government's position is substantially justified when the government advances a reasonable litigation position that cures unreasonable agency action." (Doc. 27 at 4 (quotation marks and brackets omitted).) However, the Commissioner neglects to acknowledge that he devoted about three pages of his response to Plaintiff's motion to remand to his position that there was no apparent conflict between the DOT and the VE's testimony, and only one paragraph to his "alternative" position that the remaining job existed nationally in high enough numbers to avoid triggering analysis under *Trimiar v. Sullivan*, 966 F.2d 1326 (10th Cir. 1992). (Doc. 21 at 17-21.) As previously noted, EAJA "fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position," *Hackett*, 475 F.3d at 1174; and, this rule seems particularly apt where, as here, the Commissioner has failed to offer any justification for the bulk of his litigation position on the relevant issues.

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff's Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 26) is GRANTED;

2.      Plaintiff is awarded $6,341.55 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and,

3.      If Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED.

_____

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent